# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**September 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Mark Gomez,**
**Plaintiff Below, Petitioner**

**vs)   No. 16-0103** (Kanawha County 15-C-1181)

**State Athletic Commission;**
**Leon Ramsey, Chairman;**
**Paul Thornton, Secretary;**
**Office of the Attorney General;**
**Wayne Williams, Assistant Attorney General;**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Mark Gomez, pro se, appeals the January 5, 2016, order of the Circuit Court of Kanawha County dismissing without prejudice his action for a failure to provide the pre-suit notice required by West Virginia Code § 55-17-3(a). Respondents State Athletic Commission; Leon Ramsey, Chairman; Paul Thornton, Secretary; Office of the Attorney General; Wayne Williams, Assistant Attorney General (collectively, "respondents"), by counsel Vaughan T. Sizemore, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 11, 2015, petitioner filed an action requesting that the circuit court require respondents to (1) comply with the Open Governmental Proceedings Act ("Sunshine Law"), West Virginia Code §§ 6-9A-1 to -12, with regard to meetings of the State Athletic Commission ("commission"); (2) timely publish approved minutes for meetings occurring on April 24, 2015, May 7, 2015, May 15, 2015, and June 5, 2015; and (3) annul all official actions taken by the commission at a June 9, 2015, emergency meeting. Subsequently, on October 15, 2015, petitioner filed a motion for summary judgment on his claims for injunctive relief.

1

On November 5, 2015, respondents filed a motion to dismiss petitioner's action or, in the alternative, for summary judgment. In addition to arguing that petitioner's claims were frivolous, respondents asserted that the action be dismissed because (1) respondents had qualified immunity from petitioner's claims; (2) petitioner's claims were rendered moot by the publication of minutes for the meetings in question; and (3) the circuit court lacked jurisdiction over petitioner's claims because petitioner failed to provide respondents with the pre-suit notice required by West Virginia Code § 55-17-3(a).

The circuit court held a hearing on the parties' motions on December 21, 2015. After hearing the parties' arguments, the circuit court found that it did not have jurisdiction to hear petitioner's action because he failed to comply with West Virginia Code § 55-17-3(a). Accordingly, the circuit court declined to address all other issues raised by the parties. The circuit court directed petitioner to provide the pre-suit notice to respondents, indicating that the dismissal was without prejudice and that, if petitioner decided to refile his complaint, "[he] can certainly do that."

In its written order, entered January 5, 2016, the circuit court addressed petitioner's argument that he was not required to comply with West Virginia Code § 55-17-3(a) because he was seeking injunctive relief. The circuit court noted that West Virginia Code § 55-17-3(a)(1) provided that the pre-suit notice to state officials need not be provided if (1) the action seeks injunctive relief; and (2) the court finds that irreparable harm would result if the action was delayed by the notice requirement. In this case, the circuit court rejected petitioner's argument that compliance with West Virginia Code § 55-17-3(a) would have risked the expiration of the statute of limitations for filing actions pursuant to the Sunshine Law. *See* W.Va. Code § 6-9A-6 (providing for a 120-day limitations period). The circuit court explained that West Virginia Code § 55-17-3(a)(2) provided for the tolling of the statute of limitations to allow for the pre-suit notice to be provided.

Following the entry of the circuit court's January 5, 2016, dismissal of his action without prejudice, petitioner did two things. First, on February 4, 2016, petitioner filed an appeal challenging the circuit court's January 5, 2016, order. Second, on July 21, 2016, petitioner provided respondents with pre-suit notice that he intended to file an action alleging violations of the Sunshine Law with regard to various commission meetings including those that occurred on April 24, 2015, May 7, 2015, May 15, 2015, June 5, 2015, and June 9, 2015.[1]

---

[1]As petitioner notes, in *Motto v. CSX Transportation, Inc.*, 220 W.Va. 412, 421, 647 S.E.2d 848, 857 (2009), we held that an action dismissed for a failure to comply with West Virginia Code § 55-17-3(a) may be refiled after expiration of the original statute of limitations pursuant to the savings statute set forth in West Virginia Code § 55-2-18. West Virginia Code § 55-2-18(a) provides that a party whose action was involuntarily dismissed in a non-merits decision may refile the action within one year from the date of the dismissal.

On July 28, 2016, petitioner filed a motion to supplement the record with the July 21, 2016, pre-suit notice he provided to respondents. By order entered August 23, 2016, we denied the motion to supplement the record with the July 21, 2016, pre-suit notice, but, instead, took judicial notice of it.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). "Whenever it is determined that a court has no jurisdiction to entertain the subject matter of a civil action, the forum court must take no further action in the case other than to dismiss it from the docket." Syl. Pt. 1, *Lowe v. Richards*, 234 W.Va. 48, 763 S.E.2d 64 (2014) (internal quotations and citations omitted). West Virginia Code § 55-17-3(a)(1) provides, in pertinent part, as follows:

> Notwithstanding any provision of law to the contrary, at least thirty days prior to the institution of an action against a government agency, the complaining party or parties must provide the chief officer of the government agency and the Attorney General written notice, by certified mail, return receipt requested, of the alleged claim and the relief desired. . . . The provisions of this subdivision do not apply in actions seeking injunctive relief where the court finds that irreparable harm would have occurred if the institution of the action was delayed by the provisions of this subsection.

In syllabus point three of *Motto v. CSX Transportation, Inc.*, 220 W.Va. 412, 647 S.E.2d 848 (2009), we held that providing pre-suit notice to state officials as required by West Virginia Code § 55-17-3(a) "is a jurisdictional pre-requisite for filing an action against a State agency subject to the provisions of [chapter 55, article 17 of the West Virginia Code]."

On appeal, petitioner contends that he was not required to provide the pre-suit notice required by West Virginia Code § 55-17-3(a) because (1) petitioner's action is not subject to the provisions of chapter 55, article 17 of the West Virginia Code which provides procedures for certain actions filed against the State; and (2) West Virginia Code § 55-17-3(a) is in violation of petitioner's right to peaceably assemble and petition the State for a redress of his grievances as guaranteed by article III, § 16 of the West Virginia Constitution. As an initial matter, we decline to address petitioner's argument that West Virginia Code § 55-17-3(a) is unconstitutional. First, as petitioner concedes, he did not make that argument to the circuit court thereby depriving us of a ruling to review with regard to the issue.[2] Second, we find no justification to exercise our discretion pursuant to syllabus point two of *Louk v. Cormier*, 218 W.Va. 81, 622 S.E.2d 788

---

[2] Given that we also do not have the benefit of circuit court rulings on any of respondents' alternative grounds for the dismissal of petitioner's action, we decline respondents' invitation to affirm the action's dismissal on any of those grounds because petitioner disputes the validity of each one.

3

(2005), to review a constitutional issue that was not properly preserved at the trial court level where, as in the instant case, the circuit court gave petitioner permission to refile his action as long as he complied with West Virginia Code § 55-17-3(a), a requirement which petitioner has now satisfied.

With regard to petitioner's other argument, petitioner contends that his action is not subject to the provisions of chapter 55, article 17 of the West Virginia Code because he does not seek monetary relief from the State. We find that petitioner's argument is contrary to at least two of the relevant statutory provisions. First, West Virginia Code § 55-17-2(3)(A) defines a "judgment" as "a judgment, order or decree of a court which would: . . . (A) Require or otherwise mandate an expansion of, increase in, or addition to the services, duties or responsibilities of a government agency." We find that the purpose of petitioner's action is to obtain a court order compelling respondents to take additional steps to comply with their statutory duties under the Sunshine Law. Second, West Virginia Code § 55-17-3(a)(1) provides that parties seeking injunctive relief are required to provide the pre-suit notice to state officials except where the court makes a finding that irreparable harm would result if the action was delayed by the notice requirement. We agree with the circuit court's finding that providing the pre-suit notice would not have irreparably harmed petitioner because West Virginia Code § 55-17-3(a)(2) provided for the tolling of the statute of limitations to allow for the notice to be provided. *See Motto*, 220 W.Va. at 419, 647 S.E.2d at 855 (noting that "[the Legislature] has protected a claimant's interests by simultaneously extending the applicable statute of limitation[s] when notice is properly provided."). Therefore, we conclude that the circuit court did not err in dismissing petitioner's action for a failure to provide the pre-suit notice required by West Virginia Code § 55-17-3(a).

For the foregoing reasons, we affirm the circuit court's January 5, 2016, order dismissing petitioner's action without prejudice.

Affirmed.

**ISSUED: September 23, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II